(95 Misc. Rep. 185)

### GALLAGHER v. HALPERN.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

1. APPEAL AND ERROR ⬤➾927(3)—DISMISSAL—PRESUMPTIONS.

On appeal from judgment of dismissal at close of plaintiff's case, plaintiff's testimony and that of the witnesses called·on her behalf must be taken as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3748, 4024; Dec. Dig. ⬤➾927(3).]

2. NEGLIGENCE ⬤➾121(1)—ACTION AGAINST OWNER OF PREMISES.

In an action for personal injuries, where plaintiff was injured in defendant's store by falling through a door in the floor while examining goods at his invitation, the burden was on defendant affirmatively to show his freedom from negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217, 220, 224, 227; Dec. Dig. ⬤➾121(1).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Mary Gallagher against Abraham Halpern.   From a judgment dismissing plaintiff's complaint at the close of her case, she appeals.   Judgment reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Robert A. McDuffie, of New York City, for appellant.

Jacob M. Cohen, of New York City, for respondent.

GUY, J.   [1] This case was tried before the court with a jury.   At the close of the plaintiff's case, on motion of the defendant's attorney, the complaint was dismissed.   In such a case the testimony of the plaintiff and the witnesses called on her behalf must be taken as true.   The action is brought to recover for personal injuries received by the plaintiff through the alleged negligence of the defendant.   The defendant keeps a store in this city for the sale of carpets, oilcloths, lineoleum, etc.

[2] On the 9th day of November, 1914, at about 6 o'clock in the evening, the plaintiff entered the store for the purpose of purchasing some lineoleum.   While she was examining the goods the telephone bell rang, and the defendant, who was showing the goods, went to the place where the telephone was kept, at the same time saying to plaintiff, "You look along there, and see if you see another piece that will suit you better. than the one you have chosen."   As plaintiff was walking along, examining some of the other pieces, she suddenly fell through a hole in the floor, the door of which, when closed, came even with

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the floor, but which had evidently been left open. She received injuries for which she was under medical treatment for some time. She was corroborated by one witness, who was apparently disinterested. It was shown that the opening in the floor was in the rear of the store, about 5 feet from the rear wall, and that the store in that part was dimly lighted at the time of the accident. A mere recital of these facts shows that the defendant was put upon his proof as to his freedom from negligence under the circumstances shown. He had impliedly invited the plaintiff upon his premises, and they were under his entire control. The rule in such cases is that, where the thing is shown to be under the control and management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. McNulty v. Ludwig & Co., 153 App. Div. 206, 138 N. Y. Supp. 84–90, and cases there cited.

Judgment reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.