[Civ. No. 9710. First Appellate District, Division One.—June 18, 1935.]

HARVEY ROBBINS, Respondent, v. HENRY COWELL LIME AND CEMENT COMPANY (a Corporation), Appellant.

Hatch & Mahl and Mickle & Haizlip for Appellant.

J. E. McCurdy and F. E. Hoffmann for Respondent.

THE COURT.—This is an action for damages for injuries sustained by plaintiff through the alleged negligence of defendant's employees. The action was tried by the court without a jury and judgment was rendered for plaintiff for the sum of $4,000. Defendant moved for a new trial and, same being denied, prosecutes this appeal.

Three grounds for reversal are urged by appellant: 1. Failure of the evidence to show that appellant was negligent. 2. That respondent was guilty of contributory negligence. 3. Excessive damages.

Respondent was a truck driver in the employment of a feed and fuel company. On August 12, 1930, he was directed by his employer to go to the warehouse of appellant to get one hundred sacks of cement and load them on his

truck. Respondent drove his truck to appellant's warehouse and was directed by an employee of appellant to drive his truck under a chute, and he was told where to stop the truck. The chute was a wooden structure about thirty feet long and three feet wide, with sides on it, leading from the second story of the warehouse to within three and one-half feet of the truck body parked under it. It sloped at an angle of forty-five degrees. When respondent attempted to drive under the chute he observed a small truck parked under it which was being loaded and he watched until its loading was completed. He then drove his truck under the chute. Two of appellant's employees were stationed on the chute to assist in loading the truck; one of them at the head of the chute on the second story, and the other at its lower end. After placing his truck under the chute as directed respondent remained on his truck. The method of loading was that the man at the head of the chute threw the sacks, each of which weighed one hundred pounds, into the chute and they were stopped at the lower end by the man stationed there; they were then taken from the end of the chute by respondent and loaded on the truck. Prior to the time respondent was injured he had loaded upon the truck eighty or ninety sacks, and he had taken a sack from the end of the chute and was bending over placing it on his truck when the man on the second story threw a sack into the chute, which the man at the lower end of the chute failed to stop, and it bounded onto the truck and struck respondent and inflicted the injury. Appellant's employee at the lower end of the chute stopped the sacks with his foot as they came down, and had so stopped some eighty or ninety prior to the accident. The sack that struck respondent was not stopped by said employee, and his explanation for his failure to stop it was merely that he let it go. At the time this sack which struck respondent came down the chute, it appears that there had accumulated at the lower end two or three sacks. If this accumulation interfered to any extent with the efforts of the man below in stopping the sacks, it was plainly his duty to warn the man at the top to cease sending any more sacks down the chute until the accumulated sacks had been removed. He neglected to do this, and also failed to give any warning to respondent that the sack that struck him had not been stopped. From these facts it clearly appears that it was the negligence of

these two employees of appellant, or at least of the one at the lower end of the chute, that caused the injury to respondent.

In addition we have applicable to the facts of this case the doctrine of *res ipsa loquitur* to raise an inference of negligence. The allegations of negligence in the complaint are general. The accident was such that in the ordinary course of things it does not happen. Appellant offered no evidence. The chute was under the exclusive control of appellant, and there is a total absence of explanation on the part of appellant to account for the accident. (*Meyer* v. *Tobin,* 214 Cal. 135 [4 Pac. (2d) 542]; *Merino* v. *Pacific Coast Borax Co.,* 124 Cal. App. 336 [12 Pac. (2d) 458]; *Michener* v. *Hutton,* 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480].)

The trial court found that respondent was not guilty of contributory negligence and this finding is supported by the evidence.

Appellant contends that the damages are excessive. The evidence shows that respondent sustained a double fracture of the right ankle, known as a Potts fracture; a fracture of both bones, the tibia and fibula; that by reason of the said injury he suffered pain and was confined for nine weeks; that at the time of the trial, nearly four years after the injury, he still suffered pain and was unable to perform the work he did before the injury; and that this condition is permanent. There is nothing indicating that the trial court, in fixing the amount of damages, was actuated by passion or prejudice or corruption.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 18, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1935.