[Civ. No. 6280. Third Appellate District.—February 5, 1940.]

LEONIDAS JOHN et al., Respondents, v. B. B. McGINNIS COMPANY, INC. (a Corporation), Appellant.

C. Ray Robinson, Willard B. Treadwell and W. Eugene Craven for Appellant.

L. M. Linneman for Respondents.

THOMPSON, J.—This is an appeal from a judgment rendered in favor of plaintiffs allowing damages for personal injuries sustained by Mrs. John who fell into an opening in the floor of defendant's store when a trapdoor gave way.

The facts surrounding the accident are clear and uncontradicted. The plaintiff, Lenna John, entered defendant's store in Merced on the morning of February 9, 1938, to purchase a pair of house slippers. The manager led her back into the rear room where the shoes were kept for sale. She stood at the end of a table upon which he was displaying the slippers. Behind her there was an opening in the floor, between two joists, which was covered by a trapdoor fitting into the flooring flush with the surface. The door was not attached to the floor by means of hinges or otherwise. She had not been informed of this door and knew nothing of it. In examining the slippers, she stepped backward upon this trapdoor, which gave way beneath her weight, tilted up and caused her to fall through the opening. She was thereby injured quite seriously.

The only evidence of the previous use of that trapdoor was furnished by a plumber who testified that he raised the door and passed through the hole in the floor one week before the date of the accident, to reach the water pipes in the basement which he was repairing. He said he removed the door which rested upon the joist on either side, and properly replaced it when he came from the basement. The manager of the store knew of the trapdoor but failed to warn Mrs. John of that danger.

Plaintiffs did not furnish proof of the cause of the tilting of the trapdoor. Mrs. John's attention had not been called to it, and she did not know what caused the door to slip from

its proper position. The defendant offered no explanation of the cause of the accident.

■ The appellant contends there is a failure to prove negligence on the part of the defendant; that the doctrine of *res ipsa loquitur* is not applicable, and that the negligence, if any, of the subcontractor who was doing the plumbing will not subject the defendant to liability.

In determining the liability of the defendant for the injuries received by Mrs. John, it may be stated the evidence is uncontradicted that the appellant had full and exclusive possession and control of the store and room where the accident occurred, and that the woman was an invitee, being a customer who was personally conducted into that very room by the manager for the purpose of selling her a pair of slippers.

The court, sitting without a jury, found that the defendant, mercantile corporation, had the exclusive care, control and management of the business and store building in which Mrs. John was injured; that the defendant negligently and carelessly maintained a trapdoor in the floor of its storeroom in such an unsafe and dangerous condition that when the plaintiff, Lenna John, entered the store, as an invitee, to purchase a pair of slippers, and stepped on that trapdoor it gave way under her weight and caused her to fall through the opening, resulting in her receiving serious injuries.

The finding of negligence on the part of the defendant is adequately supported by the evidence. The record discloses specific acts and omissions of negligence. The trapdoor was near the table where the goods were displayed. It consisted of boards sawed from the floor and fastened together by cleats nailed upon the under side. The door rested on either side on narrow portions of the sills not more than an inch in width. The door was neither nailed to the joists, nor was it attached to the floor by means of hinges or otherwise. The floor was not inspected by the defendant for at least a week prior to the accident. The defendant knew that customers were likely to walk over that trapdoor. Ordinary prudence would require the door to be securely fastened or at least to be inspected to see that it was kept in proper position. The court was warranted in finding that it was maintained in a dangerous condition, and that such negligence was the proximate cause of the injuries received.

■ In addition to the direct showing of negligent acts and omissions, as above related, the respondent relies on the doctrine of *res ipsa loquitur* in support of the judgment. We are of the opinion that doctrine applies under the circumstances of this case. A good statement of the rule in that respect is found in 19 California Jurisprudence, at page 704, as follows:

''When a thing which causes injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.''

The foregoing principle is supported by uniform authorities. (*Chutuk* v. *Southern California Gas Co.*, 218 Cal. 395, 398 [23 Pac. (2d) 285].)

In the case of *Gallagher* v. *Halpern*, 95 Misc. 185 [159 N. Y. Supp. 160], the foregoing rule was approved in affirming a judgment for plaintiff for injuries received as a result of falling through an opening in the floor of a store where she was examining merchandise in a dimly-lighted room.

It is true that the mere fact that the plaintiff was injured upon the premises of the defendant would be insufficient, standing alone, to justify the application of the doctrine of *res ipsa loquitur*. But the circumstances under which the injuries were received give rise to the application of the rule. Mrs. John did not know of that trapdoor or how it was presumed to be fastened or placed in the floor. If it had been properly placed in position or fastened, in the ordinary course of events the accident would not have happened. The defendant knew of that trapdoor and it had the exclusive management and control of it. If ordinary care had been exercised the door would not have been dislodged and the accident would not have occurred.

The facts of this case differ radically from a situation under which a customer while walking over an apparently smooth floor or while descending steps which are free from obvious defects, suddenly trips and falls. A customer may inadvertently trip, slip or fall on an unobstructed floor of a store without any negligence or lack of care on the part of the management of the institution. In one such case cited by the

plaintiffs it is pointed out by the court that the wearing of high-heeled shoes may have caused the accident. Mere unknown reasons for an accident do not render applicable the doctrine of *res ipsa loquitur*. In the present case the circumstances clearly show that the accident would not have happened except for specific acts or omissions of negligence attributable to the defendant because it had the exclusive control of the instrumentality by means of which the accident occurred.

The cases cited by the appellant upon that doctrine are readily distinguishable from the facts of this suit.

The conditions which have been shown to exist give rise to the doctrine of *res ipsa loquitur* which creates an inference of negligence against the defendant, establishing its liability for damages in the absence of evidence rebutting that presumption. The burden is then cast upon the defendant to explain the cause of the accident and to overcome the presumption of negligence. This it has utterly failed to do.

The only effort by the defendant to explain the cause of the accident was to prove that the plumber used that trapdoor about a week before the accident occurred, and it is inferred that he failed to properly replace the door. But Mr. Bardini, the subcontractor, denied that he failed to replace the door in its proper place. His testimony clearly refutes the defendant's inference. In response to the question, "Did you put it [the door] back in the position the same as it had been before you took it out?" he answered, "Yes sir".

By direct testimony of omissions to properly fasten the door or inspect the floor in that vicinity and by the inference raised by the doctrine of *res ipsa loquitur*, the finding of the court that the injuries to Lenna John were sustained as a proximate result of the negligence of the defendant is amply supported by the evidence. Its liability is satisfactorily established.

■ There is no substantial evidence of negligence of the plumber holding the contract to repair the water pipes, which contributed to the accident. He claims to have properly replaced the trapdoor. There is no evidence to the contrary. But since the liability of the defendant was adequately established by ample proof to support the finding that the injuries were the result of its negligence, it is immaterial whether the plumbing contractor may have also been guilty of concurrent

negligence. (*Canvin* v. *General Brewing Corp.*, 20 Cal. App (2d) 49, 54 [66 Pac. (2d) 691].)

The judgment is affirmed.

Pullen, P. J., and Tuttle, J., concurred.