[Civ. No. 17400.   Second Dist., Div. Two.   Apr. 14, 1950.]

CHARLES W. THOMPSON, Appellant, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY (a Corporation), Respondent.

Hildebrand, Bills & McLeod for Appellant.

Robert W. Walker, H. K. Lockwood, Parker, Stanbury & Reese for Respondent.

WILSON, J.—This is an action for personal injuries brought under the Federal Employers' Liability Act. (35 Stats. 65; 45 U.S.C.A. § 51.) Defendant's motion for non-suit was denied as was its motion for a directed verdict. The jury failed to arrive at a verdict and was dismissed whereupon defendant moved for judgment under section 630 of the Code of Civil Procedure[1] and its motion was granted. Plaintiff appeals from the judgment.

[1]Section 630, Code Civ. Proc.: "When a motion for a directed verdict, which should have been granted, has been denied or for any reason not granted, and the jury for any reason, has been discharged without having rendered a verdict, then within 10 days after the discharge of the jury, the court on its own motion, or, after said 10-day period, upon motion, notice of which was given within said 10-day period, may order judgment to be entered in accordance with the motion for a directed verdict. Except as otherwise provided in Section 12a of

The facts are undisputed. Plaintiff was employed by defendant at its railroad station at Muroc. He fell and injured his hand while engaged in pushing a baggage truck on the station platform. The platform was made of blacktop. There was a rise of ten inches in the width of the platform from the tracks to the station house, a distance of 30 feet, making a slope or grade of 2.77 per cent. Plaintiff at the time of his fall was proceeding at a 45-degree angle toward the station house, the slope at that angle being approximately 2 per cent. The baggage truck was the standard railway express truck and at the time of the accident it was only half loaded, the load weighing between 400 and 500 pounds. There was a certain amount of sand and gravel on the platform at the time but plaintiff's cause of action is founded upon his allegation that "defendant carelessly and negligently maintained the said platform in that the same was caused to slope from the said depot down toward defendant's mainline tracks" and "defendant further carelessly and negligently failed and neglected to provide plaintiff with any fellow employee to assist in moving said truck."

The only question to be determined is whether there was in the record any evidence of negligence which should have been submitted to a jury.

Plaintiff contends that the evidence is such that fair-minded men might draw different inferences and the case therefore falls within the rule set forth in *Wilkerson* v. *McCarthy*, 336 U.S. 53 [69 S.Ct. 413, 93 L.Ed. 497], and *Bailey* v. *Central Vermont R. Co.*, 319 U.S. 350, 353 [63 S.Ct. 1062, 87 L.Ed. 1444, 1447].

In the Wilkerson case the plaintiff was injured by falling into a wheelpit in the railroad yard when crossing the pit on a narrow boardway. There was a conflict in the evidence as to whether switchmen and other employees habitually used the board as a walkway even after the railroad had put up safety chains enclosing the pit. The court held that since there was a conflict as to the continued use of the board as a walkway by pit workers alone or by employees generally it was for the jury and not the court to resolve that conflict.

In the Bailey case the plaintiff was injured while unloading

this code, the power of the court to act under the provisions of this section shall expire 30 days after the day upon which the jury was discharged, and if judgment has not been ordered within said time the effect shall be the denial of any motion for judgment without further order of the court."

cinders from a hopper car on a bridge over a cattle pass. The court stated that the nature of the task undertaken by Bailey, the hazards involved, the effort which it required, the kind of footing he had, the space in which he could stand, the absence of a guardrail, the height of the bridge above the ground and the fact that the car could have been unloaded on level ground were all facts and circumstances for the jury to weigh and appraise in determining whether the defendant was negligent in furnishing Bailey with that particular place in which to perform the task.

■ Under the Employers' Liability Act the duty which rests upon defendant is the same as at common law, namely, to use reasonable care in furnishing its employees with a safe place to work and safe tools and appliances. Negligence as used in the act is the violation of that duty. (*Bailey* v. *Central Vermont R. Co.*, 319 U.S. 350, 352 [63 S.Ct. 1062, 87 L.Ed. 1444].) The employer is liable for injuries which can be attributed to conditions under his control when they are not such as a reasonable man ought to maintain in the circumstances. (*Wilkerson* v. *McCarthy, supra.*)

In the instant case the only issue is whether in maintaining its station platform at a 2.77 per cent slope defendant used reasonable care in furnishing plaintiff with a safe place to work and whether under those circumstances defendant was negligent in not providing plaintiff with assistance.

■ The rule is established that "When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by nonsuit, directed verdict or otherwise in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict." (*Brady* v. *Southern R. Co.*, 320 U.S. 476, 479 [64 S.Ct. 232, 88 L.Ed. 239] ; *Spencer* v. *Atchison, T. & S. F. Ry Co.*, 92 Cal.App.2d 490, 494 [207 P.2d 126].) Moreover, as stated in the Brady case, "The weight of the evidence under the Employers' Liability Act must be more than a scintilla before the case may be properly left to the discretion of the trier of fact."

■ The evidence as to the slope and condition of the platform presents no question of negligence for submission to the jury. Defendant is not an insurer. Its sole duty is to use reasonable care. The slope of 2.77 per cent is of such slight degree that there does not appear to us to be room for a difference

of opinion as to whether it was reasonably safe or whether a reasonably prudent man could have foreseen a possible injury therefrom.

As to defendant's failure to provide additional help, the evidence is undisputed that only about one baggage truck, loaded or partially loaded, arrived at Muroc during an 8-hour shift; none of the loads required two men to handle them; plaintiff did not request any help and in the past when he had requested it he had had assistance; the load could have been divided into small loads if the baggage handler desired to do so. The facts are similar to those in the case of *Lowden* v. *Bowen,* 199 Okla. 180 [183 P.2d 980]. In that case the plaintiff was injured while pushng an overloaded push car which had worn bearings making it difficult of operation. Plaintiff contended his employer was negligent in not providing assistance. The evidence was that the pushing of the car was considered a one-man job but when the car was too heavily loaded for one man others were sent to his assistance. Plaintiff did not request assistance. The court stated that the fact plaintiff previously requested and had been denied assistance under circumstances and for reasons not shown by the evidence did not excuse his failure to ask for help on that particular occasion if in fact he was unable to push the car alone. It was held that the exercise of reasonable care did not require the foreman to anticipate that plaintiff might injure himself by loading the car too heavily and then attempting to push it by himself; that the condition of the car was such that it was reasonably fit for ordinary use, the only effect caused by the use of the worn bearing being that the car was harder to push. The court held that the defendant's motion for a directed verdict should have been granted and the case was reversed with directions to dismiss the action.

Inasmuch as the record discloses no evidence of negligence, the trial court should have granted defendant's motion for a directed verdict and therefore the judgment pursuant to section 630 of the Code of Civil Procedure was proper.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1950. Carter, J., voted for a hearing.