[Civ. No. 4423.   Fourth Dist.   Jan. 29, 1952.]

THURLYNE  B.  CARPENTER,  as  Administratrix,  etc.,
Appellant, v. ATCHISON, TOPEKA & SANTA FE
RAILWAY COMPANY (a Corporation), Respondent.

C. Arthur Nisson, Jr., for Appellant.

Robert W. Walker, Louis M. Welsh, Henry M. Moffat and Charles R. Swanner for Respondent.

MUSSELL, J.—Plaintiff brought this action, under the provisions of the Federal Employers' Liability Act, United States Code Annotated, title 45, section 51, for the recovery of damages for the wrongful death of her husband. The decedent was a track supervisor employed by defendant and was killed while operating a railway motor car at a crossing near Tustin in Orange County. The action was tried before a jury. Defendant's motions for a nonsuit and a directed verdict were denied and, after failing to arrive at a verdict, the jury was dismissed. Defendant then moved for judgment under section 630 of the Code of Civil Procedure and its motion was granted. From the judgment entered following the granting of the motion, plaintiff appeals.

At the time of the accident, decedent Wayne Carpenter was operating a railroad motor car and was crossing a surfaced roadway known as Red Hill Avenue. The motor car was mounted on four wheels, propelled by a single cylinder engine, weighed approximately 350 pounds, and was belt

driven. It was not equipped with any bell, whistle or other device to give warning of its approach to a highway crossing and was insulated to prevent the wheels from setting up contact with the rails and thus activating the wigwag signals at public crossings. As Carpenter approached Red Hill Avenue, he slowed down but did not see a truck, which was approaching the crossing in a northeasterly direction on the avenue, in time to stop and avoid a collision. The truck and motor car collided and Carpenter received fatal injuries from which he died 36 hours later.

There were wigwag signals at the crossing, white lines on the pavement indicating it, and a signpost placed to warn approaching traffic. However, the driver of a vehicle approaching the crossing from the south could not get a full view along the tracks in both directions until within 27 feet of the southern rail of the railroad track. There was testimony that the motor car was moving between 15 and 20 miles per hour immediately prior to the accident. The railroad wigwag crossing signals were not in operation at the time of the accident, which occurred at about 12:50 p. m. on June 14, 1948.

Mr. Shaw, the driver of the truck, testified that he was going 35 to 40 miles per hour; that he looked straight ahead for the last 200 feet approaching the crossing; that he did not see the motor car until he got out of the truck to see what he had hit; that he then turned around and saw the car.

Eleven or twelve days prior to the accident, Carpenter went to a Dr. Miller, employed by the Santa Fe Hospital Association, and had a small foreign object removed from his left eye. Carpenter kept the eye covered with a patch until the forenoon of June 14th, when the patch was removed by Dr. Miller. He found that the left eye was then nearly healed but that it did not react to light as actively as did the right eye.

Evidence was introduced that Carpenter, as track supervisor, was at the time of the accident covering a greater trackage than was commonly assigned to such employees; that the length of track usually covered by him was 52 miles and that on the day of the accident, it was approximately 100 miles.

The defendant's rules and regulations governing the operation of motor cars provided that (1) Railway motor cars must yield the right of way to highway traffic at grade crossings; (2) Motor cars must be run slowly over railroad

crossings at a speed of not to exceed 10 miles per hour; and (3) Operators of motor cars must flag over crossings where traffic is dense. Carpenter had been furnished with a copy of these rules and had passed a written examination based upon them.

Appellant argues that the conduct of the defendant as a whole should be examined to determine its negligence and that there are several elements from which negligence might be. inferred: (1) The additional duties assigned Carpenter; (2) The physical handicap due to the decedent's eye injury; (3) The pressure of defendant railroad's work on the employee; (4) The failure of the defendant railroad to provide a safe place to work in that no warning devices were provided Carpenter who was required to travel great distances by railway motor car in relatively short periods of time; (5) Representations made to the general public by custom that when no wigwag crossing warning signals are operating, the railroad track at an intersection is clear and it is safe for the motoring public to cross such railroad track.

██ The only question to be here determined is whether there was in the record any evidence of negligence which should have been submitted to a jury. (*Thompson* v. *Atchison, T. & S. F. Ry. Co.*, 96 Cal. App.2d 974, 976 [217 P.2d 45].) In determining this question the federal statutes and decisions are controlling. As was said in *Urie* v. *Thompson*, 337 U.S. 163 [69 S.Ct. 1018, 1026-1027, 93 L.Ed. 1282, 11 A.L.R.2d 252]:

"Section 1 of the Federal Employers' Liability Act provides:

" 'Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person *suffering injury* while he is employed by such carrier in such commerce . . . *for such injury or death resulting in whole or in part from the negligence* of any of the officers, agents, or employees of such carrier, *or by reason of any defect or insufficiency, due to its negligence,* in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.' 45 U.S.C. Sec. 51, 45 U.S.C.A. Sec. 51. (Emphasis added.)

"The section does not define negligence, leaving that question to be determined, as the Missouri Supreme Court said, 'by the common law principles as established and applied in the federal courts.' . . . What constitutes negligence for the statute's purposes is a federal question, not varying in ac-

cordance with the differing conceptions of negligence applicable under state and local laws for other purposes. Federal decisional law formulating and applying the concept governs. . . ."

In *Wilkerson* v. *McCarthy*, 336 U.S. 53 [69 S.Ct. 413, 93 L.Ed. 497], the court, in discussing the question here presented, said, at page 417 [69 S.Ct.] :

"Much of respondents' argument here is devoted to the proposition that the Federal Act does not make the railroad an absolute insurer against personal injury damages suffered by its employees. That proposition is correct, since the Act imposes liability only for negligent injuries. *Cf. Coray* v. *Southern Pac. Co.*, 335 U.S. 520, 69 S.Ct. 275 [93 L.Ed. 208]. But the issue of negligence is one for juries to determine according to their finding of whether an employer's conduct measures up to what a reasonable and prudent person would have done under the same circumstances. And a jury should hold a master 'liable for injuries attributable to conditions under his control when they are not such as a reasonable man ought to maintain in the circumstances', bearing in mind that 'the standard of care must be commensurate to the dangers of the business.' *Tiller* v. *Atlantic Coast Line R. Co.*, 318 U.S. 54, 67, 63 S.Ct. 444, 451, 87 L.Ed. 610, 143 A.L.R. 967."

And on page 418 [69 S.Ct.] :

"Moreover, this Court stated some sixty years ago when considering the proper tribunal for determining questions of negligence : 'We see no reason, so long as the jury system is the law of the land and the jury is made the tribunal to decide disputed questions of fact, why it should not decide such questions as these as well as others.' *Jones* v. *East Tennessee, V. & G. R. Co.*, 128 U.S. 443, 445, 9 S.Ct. 118, 32 L.Ed. 478. ·And peremptory instructions should not be given in negligence cases "where the facts are in dispute, and the evidence in relation to them is that from which fair-minded men may draw different inferences." *Washington & G. R. Co.* v. *McDade*, 135 U.S. 554, 572, 10 S.Ct. 1044, 1049, 34 L.Ed. 235."

It was also there held that the Federal Employers' Liability Act is to be given a liberal construction in order to accomplish its humanitarian purposes.

██ Under the Employers' Liability Act the duty which rests upon defendant is to use reasonable care in furnishing its employees with a safe place to work and safe tools and appliances. The term negligence, as used in the act, is a

violation of that duty. ■ The employer is liable for injuries which can be attributed to conditions under its control when they are not such as a reasonable man ought to maintain in the circumstances. (*Thompson* v. *Atchison, T. & S. F. Ry. Co., supra,* 977.)

■ From the evidence before us it appears that the wig-wag signals at the crossing involved were not activated by motor cars such as that operated by the decedent; that the motor car was not equipped with a bell, whistle or other device by which the decedent could warn vehicular traffic of his approach to highway crossings.

The record indicates that the jury was unable to reach a verdict in the instant matter after deliberating for several hours and reported a deadlock at the count of seven to five when dismissed. ■ The evidence is such that fair-minded men might honestly draw different conclusions as to the existence of negligence on the part of the defendant. Under such circumstances, the question is not one of law but one of fact to be settled by the jury. (*Gunning* v. *Cooley,* 281 U.S. 90 [50 S.Ct. 231, 74 L.Ed. 720].) ■ The rules governing the determination of a motion such as here made under section 630 of the Code of Civil Procedure are the same as those applicable to motions for a judgment of nonsuit and a directed verdict. Such motions may be properly granted "when and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value. to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff." (*Neel* v. *Mannings, Inc.,* 19 Cal.2d 647, 650 [122 P.2d 576] ; *Gunning* v. *Cooley, supra.*)

■ The Federal Employers' Liability Act imposes a liability on a common carrier by railroad for injuries to or the death of an employee resulting in whole or *in part* from its negligence. ■ We cannot say as a matter of law that the defendant railroad complied with its duties in a reasonably careful manner under the circumstances shown, nor that the conduct which a jury might find to be negligent did not contribute in whole or in part to the injuries received by the decedent.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 26, 1952.