[S. F. No. 9333. In Bank.—November 8, 1921.]

NELLIE JOHNSTONE, Appellant, v. PANAMA PACIFIC INTERNATIONAL EXPOSITION COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE — PUBLIC EXPOSITION — SAFE CONDITION OF GROUNDS AND THOROUGHFARES.—A duty is imposed upon a company conducting a public exposition to use ordinary care to keep its grounds, including the thoroughfares, in a safe condition for its invitees, even if there is no duty, as matter of law, resting upon it to provide separate thoroughfares for vehicles and pedestrians.

[2] ID.—INJURY TO EXPOSITION VISITOR—ACT OF BAILEE OF CONCESSIONAIRE—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint in an action against an exposition company for damages for personal injuries received by a visitor while walking along one of the thoroughfares used by pedestrians, from being struck by an

---

1. Duty of owners and managers of exhibitions and places of amusement as to safety and protection of patrons, notes, 5 Ann. Cas. 926; 15 Ann. Cas. 517; Ann. Cas. 1915B, 546; Ann. Cas. 1917D, 931, 933; Ann. Cas. 1918E, 1073.

2. Liability of one maintaining a place of amusement to which public are invited for negligence of concessionaire, notes, 14 L. R. A. (N. S.) 284; 32 L. R. A. (N. S.) 717; L. R. A. 1915F, 696.

electric carriage operated by another visitor and rented from a concessionaire, states a cause of action, where it is alleged, in addition to the failure to provide separate thoroughfares for pedestrians and electric cars, that the defendant was negligent in the granting of the concession, the granting of permission to operate it, and the granting of permission to the concessionaire to allow persons unskilled in the operation of such cars to operate them upon the grounds among the pedestrians.

[3] BAILMENT—NEGLIGENCE OF BAILEE—LIABILITY OF BAILOR.—The rule that a bailor is not liable to a third person for injuries caused through the negligent use of the bailment is not applicable where the bailor is under a duty to use ordinary care to protect the third person from injury.

[4] NEGLIGENCE—DANGEROUS NATURE OF CONCESSION—KNOWLEDGE OF EXPOSITION COMPANY—LIABILITY TO INVITEE.—An exposition company is liable for injuries received by an invitee from the operation by another invitee of an electric carriage, which the latter had rented from a concessionaire, where the vehicle was a dangerous appliance when in the hands of one unskilled in its management and the company had knowledge of such fact.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon, J. L. Taugher and Kingsley Cannon for Appellant.

Myrick & Deering and James Walter Scott for Respondent.

LAWLOR, J.—This is an appeal by the plaintiff from a judgment in favor of the defendant, sustaining a demurrer to the complaint without leave to amend, in an action to recover damages for personal injuries.

Appellant was a visitor at the Panama Pacific International Exposition on April 17, 1915. She had purchased a ticket entitling her to admission, and was inside the grounds. Another visitor, operating an electric carriage rented from a concessionaire, ran into appellant and inflicted the injuries complained of.

The complaint contained two counts or alleged causes of action. The material allegations of the first were that re-

spondent invited crowds to purchase tickets and enter the grounds and thoroughfares of the Exposition, and thereby assumed the duty of providing safe thoroughfares as far as possible by the exercise of ordinary care; that in response to respondent's invitation, appellant purchased a ticket and entered the grounds, thereby becoming an invited guest of respondent; that within the grounds were certain thoroughfares used by visitors for traveling on foot; that these thoroughfares were generally crowded and visitors were permitted there by respondent; that prior to the date of the injury complained of, respondent had negligently granted to the Miniature Motor Vehicle Company the concession of operating its motor vehicles upon the thoroughfares mentioned; that the vehicle company permitted visitors to operate electrically propelled vehicles upon the thoroughfares; that respondent negligently allowed the vehicle company to conduct its concession, negligently permitted it to allow visitors unskilled in the operation of the vehicles to operate them among the pedestrians without providing a suitable pathway for them; that by these acts the thoroughfares were rendered highly dangerous to the pedestrians, and that respondent failed to provide safe thoroughfares for its invitees; that on April 17, 1915, without any negligence on her part, one of the Miniature Motor vehicles ran into appellant while she was within the Exposition grounds; that serious injuries were inflicted on her, whereby she sustained damages in the sum of $102,714.55.

The second count or cause of action alleged similar facts concerning the relation of invitor and invitee between the parties, and the circumstances of the accident; that respondent made the Miniature Motor Vehicle company its agent for the purpose of transporting visitors by means of electrically propelled vehicles; that the vehicles were dangerous appliances when placed in the hands of persons unskilled in their management; that respondent and its agent, the vehicle company, were aware of this; that on April 17, 1915, the vehicle company negligently entrusted one of the vehicles to a visitor who was unskilled in its management, without inquiring as to his competency to operate it upon the thoroughfares mentioned; that because of the driver's ignorance of the proper operation of the vehicle and lack of skill as to its proper management, and because of the negligence of

respondent in putting the driver in charge of the vehicle without instructing him concerning its operation, the driver was unable to stop the vehicle; and that because of such negligence he ran into appellant, causing the injuries.

Respondent demurred to the complaint on the ground that neither the complaint nor either count stated a cause of action, and that it was uncertain, ambiguous, and unintelligible in some nineteen particulars. Only the first of these—that it does not state a cause of action—is urged on this appeal.

Appellant asserts: "It is well established that there are but three elements necessary to sustain an action for personal injuries: (1) The existence of a duty on the part of defendant to protect plaintiff from the injuries complained of; (2) The failure of defendant to perform that duty; and (3) An injury to the plaintiff from such breach of duty by the defendant. When these elements are brought together they unitedly constitute actionable negligence. [Citing cases.] It is respectfully submitted that the first count of plaintiff's complaint clearly and unambiguously alleged all of these requisite elements," and that "The second cause of action likewise sufficiently alleged defendant's duty, its breach thereof, and an injury to plaintiff proximately caused thereby." Respondent's position is thus stated: "To summarize, this defendant and respondent is charged with negligence in two particulars: First: That it failed to provide separate paths for vehicles and pedestrians; second: That its concessionaire entrusted one of its chair cars or 'electrically propelled' vehicles to a guest without inquiring into his competency, and that generally as a result of failing to provide separate passageways and as a result of its concessionaire's failure to make proper inquiry into the qualifications of the guest, the defendant and respondent company was liable for the damages that ensued," that "nowhere in the decisions of our courts, or in the brief of our opponent, can there be found the slightest precedent that might justify a ruling that an exposition company must, as a matter of law, maintain separate paths for pedestrians and vehicles," and that "the authorities are uniform in holding that one who leases a vehicle to another is not responsible for the latter's negligent act."

In 2 Cooley on Torts, third edition, page 1410, it is said: "1. The first requisite in establishing negligence is to show the existence of the duty which it is supposed has not been

performed. . . . 2. The duty being pointed out, the failure to observe it is to be shown; in other words, the existence of negligence.''

In *Thornton* v. *Maine State Agr. Society,* 97 Me. 108, [94 Am. St. Rep. 488, 53 Atl. 979], plaintiff's intestate was a visitor at a fair conducted by defendant, and was standing on a railroad platform immediately outside the inclosing fence. He was killed by a bullet from a shooting-gallery operated as a concession inside the fair-grounds by one White. Deceased's widow sued under a statute which allowed recovery of damages for the death of a person caused by the wrongful act, neglect, or default of another. The court held: ''It is too well settled to need the citation of authorities that, if the owner or occupier of land either directly or by implication induces persons to come upon his premises, he thereby assumes an obligation to see that such premises are in a reasonably safe condition, so that the persons there by his invitation may not be injured by them or in their use for the purpose for which the invitation was extended.

''Therefore, having invited the public to its fair, it was the duty of the defendant to use reasonable care to keep its grounds, and the usual approaches to them, so far as the approaches were under its control, in a safe condition, safe for all who were invited. It was its duty to use reasonable care that there should be no traps or pitfalls into which the invited might fall, and that there should be no dangerous plays or sports or exhibitions by which the invited might be injured. . . . The defendant would not be relieved from this duty by leasing portions of its grounds to the proprietors of shows and attractions, and becoming their landlord. As between it and the invited public, the duty still remained of using reasonable care to see that all of the exhibition grounds were safe. It was its duty so to do both in the original letting of space, and in the subsequent inspection and supervision of the show thus permitted to give its exhibition, or of the shooting-gallery thus permitted to operate as a part of the fair.''

In *Whyte* v. *Idora Park Co.,* 29 Cal. App. 342, [155 Pac. 1018], the question was presented whether the amusement company was liable for an injury received by an invitee while patronizing a concession. The claim was made that the concessionaire was an independent contractor and that

therefore the amusement company was not liable. The court said: "There are some cases which support this theory advanced by the appellant, but we think the weight of authority sustains the proposition that one conducting a place of amusement will not be relieved from liability for injury to a patron merely because it was caused by the negligence of a concessioner or his employee." In the same case, the court quoted the following from *Stickel* v. *Riverview Sharp-shocters' Park Co.*, 250 Ill. 452, [34 L. R. A. (N. S.) 659, 95 N. E. 445]: "While there are some decisions to the contrary, the greater weight of authority is that the owner will not be relieved from responsibility because the exhibition is provided and conducted by the concessioner, provided it is of a character that would probably cause injury unless due precautions are taken to guard against it; and this duty applies not to construction alone, but to management and operation where the device is of a character likely to produce injury unless due care is observed in its operation."

*Selinas* v. *Vermont State Agr. Society*, 60 Vt. 249, [6 Am. St. Rep. 114, 15 Atl. 117] was a case where a visitor at a fair was injured by being hit in the leg by a mallet used by another visitor in testing his strength on a striking-machine which was operated as a concession. The court said: "As the defendants were holding a public exhibition in this park, and inviting visitors thereto, it was their duty to render it a reasonably safe place for all persons who might lawfully be there in attendance. . . . Whether it [the machine] was dangerous or not depended upon its construction and the manner in which it was used. These were questions of fact, or at least mixed questions of law and fact, which could not properly have been decided by the court."

In *Schmidt* v. *Bauer*, 80 Cal. 565, [5 L. R. A. 580, 22 Pac. 256], the injured party entered a saloon conducted by the defendant and, mistaking one door for another, fell into a cellar, as a result of which he was injured. We quote: "The appellant also contends the court below erred in overruling his demurrer to the complaint. We think the complaint was sufficient. It alleges that the plaintiff was at the place where the accident occurred to [do] business with and at the invitation of the defendant. This was sufficient to show the duty on the part of the defendant, as between the parties, of keeping the premises in safe condition."

[1]   We are of the opinion that, in the light of these authorities, the complaint alleged facts sufficient to constitute a cause of action.   Even if it be true, as respondent insists, that there was no duty, as matter of law, resting upon it to provide separate thoroughfares for vehicles and pedestrians, there was a duty imposed upon respondent to use ordinary care to keep its grounds, including the thoroughfares, in a safe condition for its invitees, and the complaint alleged that respondent was under this duty.   The complaint does not limit the violation of the duty to the failure to provide separate thoroughfares for pedestrians and electric cars.   [2]   The granting of the concession, the granting of permission to operate it, the granting of permission to the vehicle company to operate its cars, and the granting of permission to it to allow persons unskilled in the operation of the cars to operate them upon the grounds among the pedestrians, are all alleged to constitute negligence.   As was held in *Whyte* v. *Idora Park Co., supra,* and the other cases we have quoted, the fact that the injury was inflicted by a concessionaire and not by the proprietor would not relieve the latter of responsibility for the negligent acts which resulted in the injury, and as was declared in *Thornton* v. *Maine State Agr. Society, supra,* it was the company's duty to use reasonable care "both in the original letting of space, and in the subsequent inspection and supervision" of the concession.   It requires no citation of authority to support the proposition that, whether or not acts were committed which would constitute a breach of duty was a question of fact for the jury.   It thus appears that facts sufficient to state a cause of action were alleged.

[3]   In support of respondent's contention that it is not liable in any event for appellant's injuries, for the reason that it was a bailor of an electric car, many authorities are cited to the effect that a bailor of a machine is not liable for injuries caused through its use by a bailee.   However, these authorities are not in point, for the reason that they relate to the ordinary case of bailment of a machine with a resulting injury to a third person, a stranger.   In this case it was alleged that the bailor was under the duty to use ordinary care to protect appellant from injury.   It may well have been, and it was so alleged in the complaint, that the mere fact of giving the machine to the bailee for operation among

pedestrians was an act of negligence and a breach of the duty.

[4] It was further alleged that the cars were dangerous appliances when in the hands of one unskilled in their management; that respondent and the vehicle company knew this; that respondent negligently entrusted one of them to an unskilled person; and that by reason of his ignorance the accident in question resulted. In view of these allegations whether or not the car was a dangerous machine became a question for the jury to decide. (*Selinas* v. *Vermont State Agr. Society, supra.*) If it were found to be a dangerous machine, respondent would be liable, for in *Long* v. *John Breuner Co.,* 36 Cal. App. 630, 634, [172 Pac. 1132, 1133], the court upheld instructions by the trial court to the effect that ''the defendant, being engaged in conducting a merchandise store which it invited the public to patronize, the duty rested upon it to keep the entrances and passageways to and from the premises as so occupied and used by it in a safe condition, . . . that 'if you find that said entrance or passageway [the entrance or passageway where the plaintiff here was injured] was in an unsafe or dangerous condition, and that such condition was the proximate cause of said injuries to plaintiff, defendant is liable therefor. if its managers, officers, or agents knew of such alleged unsafe or dangerous condition, or if, as careful and prudent men, they should have known it, provided that plaintiff was in the exercise of ordinary care.' '' This conclusion also disposes of respondent's contention that ''So long as the Exposition Company might lawfully allow automobiles and other vehicles to enter its grounds and be driven therein, it must follow that the negligence of the driver of such vehicle cannot be imputed to it unless some relation of principal and agent be shown,'' for if it were shown that respondent knew of such alleged dangerous character of the car, it would be liable for injury resulting to appellant, an invitee, from its operation.

The complaint having alleged that a duty was owing to appellant by respondent, that there was a breach thereof, and that the injury was the result of this negligence, it was sufficient.

Judgment reversed.

Wilbur, J., Lennon, J., Sloane, J., Shaw, J., Shurtleff, J., and Angellotti, C. J., concurred.