[Civ. No. 11925.   Second Appellate District, Division Two.—October 19, 1938.]

GEORGE R. ANDERSON, Jr., Appellant, v. OCEAN SPORT FISHING, INC. (a Corporation), Respondent.

Robert T. Linney and Frank S. Hutton for Appellant.

Lasher B. Gallagher for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the Ocean Sport Fishing, Inc., which operates a barge anchored in the Pacific Ocean off Huntington Beach as a fishing barge with accommodations to the public for fishing.

The plaintiff alleges that the said company invited the public for a price to enjoy said privileges, together with transportation to and from the barge; that the plaintiff purchased a ticket from defendant company entitling him to enjoy the

privileges offered; and that during the course of his visit on the barge he was struck in the eye with a lead sinker attached to the fish line of a defendant, named Post, who was negligently and carelessly trying to cast the same from the deck of the barge into the ocean, and that said defendant company permitted careless and indiscriminate casting from the deck of the barge by unskilled fishermen and permitted said defendant Post to unskilfully cast therefrom. There is no allegation that the defendant company maintained the barge in a dangerous or unsafe condition. The plaintiff's entire case was predicated upon the claim that the company negligently permitted Post to commit a dangerous act. The court entered judgment against Post, but found that the company was not guilty of negligence, and entered judgment in favor of the company.

The contention of the plaintiff, stated in plaintiff's own language, is as follows: "The sole question to be determined by this appeal is whether the respondent Ocean Sport Fishing, Inc., the owner and operator of a fishing barge, is obliged to provide its patrons with a safe place to fish *and protect them from the negligent acts of fellow fishermen while engaged in fishing.*" And again he says, "Where the public is invited for a price, it is the duty of the proprietor of a place of amusement to use reasonable care to keep the place in a safe condition—safe for all who are invited." And we accept the latter sentence as a correct statement of the principle of law involved. (*Johnstone* v. *Panama Pacific Int. Ex. Co.*, 187 Cal. 323 [202 Pac. 34] ; *Schwerin* v. *H. C. Capwell Co.*, 140 Cal. App. 1 [34 Pac. (2d) 1050] ; *Worcester* v. *Theatrical Enterprises Corp., ante,* p. 116 [82 Pac. (2d) 68].) In the latter case the court said: "There is no doubt that the respondent owed to the appellant a reasonable degree of care to see that she was not injured on the premises. However, the respondent was not an insurer of appellant's safety and could be held liable only where it knew, or should have known, of existing danger." It is apparent from said cases that where one patron is injured by the carelessness of another patron, the operator of the place of amusement is not *ipso facto* liable.

The plaintiff says that there is no finding and no evidence to indicate that respondent took any step to protect its patrons from the careless and indiscriminate casting of its patrons,

but that there is evidence that the defendant company held out the barge as safe; that the management of the barge appreciated the danger to its patrons from dangerous and indiscriminate casting by fishermen and that the company was well aware of the danger to its patrons from careless casting, and "that no rules were promulgated by respondent" against said careless casting.

There is no requirement as a matter of law that rules governing the manner in which fishing may be done on barges must be adopted. The failure to promulgate rules and regulations does not make the company liable *ipso facto.* Whether or not the company was negligent in the premises is not a question of law but is a question of fact to be determined by the trial court. "It requires no citation of authority to support the proposition that, whether or not acts were committed which would constitute a breach of duty was a question of fact for the jury." (*Johnstone* v. *Panama Pacific Int. Ex. Co., supra.*) As heretofore stated, the trial court found that the company was not guilty of negligence, and there was substantial evidence from which it might be found that the company was not guilty of negligence merely for failure to adopt rules with regard to casting.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 15, 1938.