[Civ. No. 16244. First Dist., Div. Two. Jan. 28, 1955.]

DELLA GOLDSMITH, Respondent, v. ROBERT MILLS et al., Appellants.

494

Barfield & Barfield for Appellants.

Belli, Ashe & Pinney and Caroline D. Rose for Respondent.

DOOLING, J.—Plaintiff-respondent Della Goldsmith brought an action to recover damages for personal injuries received as the result of a fall in defendant-appellants' store. Judgment was entered on a jury verdict in favor of plaintiff for $6,000 and this appeal was taken therefrom.

Respondent, a woman of 85 years of age at the time of the accident, is the mother of Ivan Goldsmith, one of the appellants in this action. The other appellant is Robert Mills, who is a business partner of Ivan. On December 15, 1951, respondent was driven by her sister-in-law down to her son's store for the purpose of doing some Christmas shopping. A cash register was located on a counter at the east side of the store. One or the other of the proprietors presided over the cash register to which sale slips and merchandise sold were taken, the cash registered and the merchandise then wrapped and delivered to the purchaser. During this process inspection sales slips from lingerie boxes and tissue paper from the hosiery were removed and deposited in a waste paper

basket. The sales slips were about 2 inches by 2 inches and the tissue paper approximately 8 inches by 15 inches. On busy occasions some of these papers would fall to the floor in the vicinity of the cash register and remain there until picked up and placed in the waste paper basket or swept out in the morning by one of the proprietors.

Respondent was wearing old walking shoes with low rubber heels. She proceeded to the back of the store where she removed her hat and placed it in the space provided for those working in the store. She then walked toward the front of the store and fell while standing in front of the counter on which the cash register was located. She was looking at the merchandise displayed on the counters and therefore does not know the cause of her fall. She did not notice the floor after the fall either, but such failure is explained by the severe pain resulting from her injury. Her hip was broken and 11 months passed before she recovered sufficiently to return to her own home.

Mrs. Henderix, an employee of appellants at the time of the accident, testified that the floor in front of the cash register was "littered with papers" at the time respondent entered the store. The litter consisted of inspection sales slips from the lingerie boxes and tissue paper from the hosiery. She did not see Mrs. Goldsmith actually fall but immediately thereafter she noticed her sitting on the floor. She was located "right below the counter where the cash register was," which was approximately where the papers were scattered.

Appellants contend the following: (1) there is not sufficient evidence to support the judgment; (2) some of the instructions are erroneous.

Although respondent stated that she had only gone to the store to pay a social visit when she was interviewed by a claims adjuster immediately after the accident, she testified at the trial that she had gone there to do some Christmas shopping. For purposes of appeal the evidence must be viewed in the light most favorable to respondent and therefore she must be regarded as a business visitor, a fact that appellants concede.

■ In general the duty of care owed to a business visitor is to keep the premises in a reasonably safe condition or to warn of danger, and the duty is not limited to conditions known to be dangerous but extends to those which might have been found dangerous by the exercise of reasonable care. (*Raber* v. *Tumin,* 36 Cal.2d 654, 658 [226 P.2d 574].)

■ Applying this rule specifically to store passageways the store owner must use ordinary care to keep the aisles and passageways in a reasonably safe condition so as not to unnecessarily expose the business visitor to danger or accident. (*Neel* v. *Mannings, Inc.,* 19 Cal.2d 647, 652 [122 P.2d 576].)

Since Mrs. Goldsmith did not know what caused her fall, it is necessary to determine the cause by drawing inferences from the evidence presented. ■ Mrs. Henderix testified that there were papers littered on the floor in approximately the same spot where respondent fell a few minutes prior to the accident. She also observed the papers there immediately after the accident. It is logical to infer that the papers made the footing more slippery than the normal floor surface, thereby causing the fall. Although not on all fours factually, *Sanders* v. *MacFarlane's Candies,* 119 Cal.App.2d 497 [259 P.2d 1010] supports the view that the jury could logically have concluded the fall resulted from the loose papers. In the MacFarlane case plaintiff fell and immediately afterward felt a sticky substance on her hands. This court held that a jury could draw the inference that the fall was caused by an excess amount of wax, and it was error to grant a nonsuit. (*Cf. Sokolow* v. *City of Hope,* 41 Cal.2d 668, 670-672 [262 P.2d 841].) ■ Mrs. Henderix' actual knowledge as an employee of the presence of the papers on the floor is properly imputed to appellants. ■ Likewise their own failure to place all papers in the receptacle, and thus allowing them to fall on the floor of the aisle, violated the duty owed to respondent and was active negligence.

Appellants cite cases where the courts found no liability for injury resulting from falls on stairs, but they are readily distinguishable. In those cases the evidence consisted solely of a person falling on a stairway with no showing of any defect or dangerous condition or in some there was a failure to establish the element of proximate cause.

■ Appellants argue that the following instruction is erroneous: "You are instructed that an invitee in the absence of appearances that caution him, or would caution a reasonably prudent person in a like position to the contrary, has the right to assume that the premises he was invited to enter are reasonably safe for the purposes for which the invitation was extended and to act on that assumption."

Appellants' objection is that the instruction does not state that only a person free from negligence may indulge in such an assumption. (See *Larson* v. *Holland,* 118 Cal.

App.2d 520, 524 [257 P.2d 1014].) The instruction does not use the express words "a person free from negligence," but in effect says the same thing by stating, "an invitee in the absence of appearances that caution him, or would caution a *reasonably prudent person* in a like position to the contrary."

 Another objection is that an instruction adopted from BAJI contained the word "each" which preceded the words "the invitee and the invitor," but "each" was not included in the instruction as read to the jury. Therefore, the instruction, which set forth another assumption, was susceptible of the construction that the qualifications following referred to the invitor only because he came second in the order of the sentence. The instruction cannot reasonably bear that construction.

 Another argument equally devoid of merit is that an instruction relating to business visitors was so broad in its language that the jury would apply it even if it found respondent to be a licensee. The instruction, paraphrased, states that the attention of persons ordinarily visiting public stores is attracted by the display of wares, and that this should be kept in mind when applying the standard of care to the facts. The instructions on licensees were given prior to instructions on business visitors, and the duty owed them was set out with particularity. There is no possibility that the instruction complained of would cause the jury to reach a verdict for the plaintiff even if it found her to be a licensee.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.