[Civ. No. 16323.   First Dist., Div. Two.   June 27, 1955.]

EMMAJENE PORTER, Appellant, v. CALIFORNIA JOCKEY CLUB, INC. (a Corporation) et al., Respondents.

Arthur D. Klang for Appellant.

Alexander, Bacon & Mundhenk and Guernsey Carson for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment of non-suit. She was injured while a spectator at the race track operated by defendant when another spectator ran into her so violently as to knock her down.

Appellant testified that she attended the track on Monday, October 13, 1952, a day celebrated as a holiday since Columbus Day fell on a Sunday that year. Between the second and third races she left the place where she was sitting so that she might place a bet. Returning she proceeded down a stairway in order to get back to her seat. At this point she stated that she saw a man running up the same stairway and that he "touched" her on the side and she "went to the bottom of the steps."

Appellant further testified that she observed a crowd of people sitting down and standing up on the stairway; that there was a banister or handrail on the stairway but that it was so crowded that it was impossible for her to get next to the banister in order to hold on to it; that she saw no policeman or usher on the stairway; and that she was about to take the third step down the stairway when she noticed the man running up the stairs who caused her fall.

The operations manager of the track testified that on the day of the accident 9,436 people were present at the track as opposed to an ordinary day when anywhere from seven to eight thousand usually attended; that on a normal day 15 ushers were employed and that on the day in question this number was not increased because no additional reserved sections were added; that the number of police at the track on this day was 17 as against 13 on the preceding weekday. There was further testimony that spectators were in the habit of crowding onto the stairways just before the start of each race, and that spectators were in the habit of running to the betting windows just before each race started.

In passing upon the motion for nonsuit the trial judge asked: "should the track assume not only that a man is going to run but that he is going to run right into a person standing in the space that he must occupy, and guard against that?" This question pointed up the weakness of plaintiff's case. It was established that spectators were in the habit of congregating on the stairways at the start of each race and that bettors were in the habit of running to place bets at the last moment; but there was no evidence of any prior negligent conduct on the part of even one spectator. ■ The liability of the landowner to provide against injury to an invitee from the act of another is based upon the fact that the landowner has notice of prior conduct from which he could reasonably anticipate that such injury might occur. (*Edwards* v. *Hollywood Canteen*, 27 Cal.2d 802, 810 [167 P.2d 729] ; *Terrell* v. *Key System*, 69 Cal.App.2d 682 [159 P.2d 704] ; *Stockwell* v. *Leland Stanford Jr. University*, 64 Cal.App.2d 197 [148 P.2d 405] ; Rest., Torts, § 348.)

An injury of the sort which occurred to appellant could only happen if the conduct of the spectator who ran into her so violently as to knock her down was either negligent or wilful. ■ It is axiomatic that in the absence of conduct to put him on notice to the contrary a person is entitled to assume that others will not act negligently or unlawfully. (*Leo* v. *Dunham*, 41 Cal.2d 712, 715 [264 P.2d 1].) ■ We are satisfied that there was no evidence of any facts in this case which would reasonably put respondent on notice that one spectator would run violently into another so as to put the duty upon it to take steps to guard against such contingency. Such cases as have considered a like question in other jurisdictions support this conclusion. (*Futterer* v. *Saratoga Assn. etc. Breed of Horses*, 262 App.Div. 675 [31 N.Y.S.2d 108] ; *Carr* v. *Mile High Kennel Club*, 125 Colo. 251 [242 P.2d 238] ; *Dahna* v. *Clay County Fair Assn.*, 232 Iowa 984 [6 N.W.2d 843].)

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied July 27, 1955, and appellant's petition for a hearing by the Supreme Court was denied August 17, 1955.