[S. F. No. 19960.   In Bank.   Jan. 23, 1959.]

LORIS HUNTER, Respondent, v. MOHAWK PETROLEUM
CORPORATION (a Corporation), Appellant.

Bledsoe, Smith, Cathcart, Johnson & Phelps, R. S. Cathcart and Wilbur J. Russ for Appellant.

Leon A. Blum and Harold L. Levin for Respondent.

McCOMB, J.—Defendant appeals from a judgment in favor of plaintiff after trial before a jury in an action to recover damages for personal injuries received while plaintiff was a business visitor on defendant's property.

*Facts*: Defendant owned a self-service gasoline station in San Francisco, on a lot approximately 100 feet square. Gasoline was dispensed from pumps located in the center of the lot. Air and water facilities were located along a side of the lot for use by customers desiring to service their own vehicles. On the same edge of the lot and near the air and water outlets, a large blackboard was maintained by defendant for posting winning numbers in drawings of tickets previously given purchasers of defendant's gasoline.

On July 7, 1953, Mr. Paris, a customer, bought some gasoline for his pick-up truck. Being unable to start the motor, he pushed his truck over to the area where the air and water fixtures were situated. He worked on the battery and motor for six or seven hours.

The station attendant paid no attention to Mr. Paris' activities, and did not offer to assist him or render any aid. Mr. Paris finally decided that the pipeline leading to the gasoline tank on his truck might be plugged. He then proceeded to blow it out with the air hose provided to inflate tires. Instead of the usual metal cap on the intake hole of the gasoline tank, there was simply a rag stuffed into the vent. Mr. Paris did not remove this rag, but disconnected the main gasoline line from underneath the car and attached the air hose to it to blow out the line.

In the meantime, plaintiff and her husband drove into the station. While her husband was purchasing gasoline,

plaintiff got out of the car and went to the blackboard to see whether she held any winning tickets in the drawing. She was standing immediately at the rear of Mr. Paris' truck when suddenly a stream of gasoline from the truck's tank hit her in the face, causing serious burns on her face, chest, arms and neck. Her eyesight was materially impaired.

The jury returned a verdict in favor of plaintiff in the sum of $5,000.

█ This is the sole question necessary for us to determine: *Does the mere fact that a business visitor has for some time been working on his vehicle on property owned by defendant constitute substantial evidence in and of itself to put the defendant-owner on notice that other business visitors are thereby threatened with danger, and is such "possibility" sufficient to impose liability on the owner where an injury arises out of a momentary, isolated, negligent act by the business visitor working on his vehicle?*

*No.* █ The rule is correctly stated thus in Restatement, Torts, section 348:

"A . . . possessor of land who holds it out to the public for entry for his business purposes, is subject to liability to members of the public while upon the land for such purpose for bodily harm caused to them by the accidental, negligent or intentionally harmful acts of third persons or animals if the possessor by the exercise of reasonable care could have

(a) discovered that such acts were being done or were about to be done, and

(b) protected the members of the public by

(i) controlling the conduct of the third persons, or

(ii) giving a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive from [him]."

This rule presupposes that the owner of the land by reasonable care could have discovered that the act which caused the harm was being done or was about to be done.

█ In *Porter* v. *California Jockey Club, Inc.*, 134 Cal. App.2d 158, 160 [2] [285 P.2d 60], the rule is stated thus: "It is axiomatic that in the absence of conduct to put him on notice to the contrary a person is entitled to assume that others will not act negligently or unlawfully. (Citation.)" (See also *Mawhiney* v. *Signal Trucking Co.*, 132 Cal.App.2d 809, 813 [3] [283 P.2d 27].)

█ Applying the foregoing rule to the facts of the present case, there is no evidence in the record that Mr. Paris had

been behaving negligently, nor is there any evidence of any fact which could possibly have put defendant on notice that he might act negligently. Under the circumstances and the authorities cited above, defendant was not liable for the injuries sustained by plaintiff. (See *Guild* v. *Brown*, 115 Cal. App. 374, 381 [1 P.2d 528].)

*Raber* v. *Tumin*, 36 Cal.2d 654 [226 P.2d 574]; *Edwards* v. *Hollywood Canteen*, 27 Cal.2d 802 [167 P.2d 729]; *Johnstone* v. *Panama Pacific I.E. Co.*, 187 Cal. 323 [202 P. 34]; *Sample* v. *Eaton*, 145 Cal.App.2d 312 [302 P.2d 431] [hearing denied by the Supreme Court]; *Goldsmith* v. *Mills*, 130 Cal.App.2d 493 [279 P.2d 51]; *Thomas* v. *Studio Amusements, Inc.*, 50 Cal.App.2d 538 [123 P.2d 552]; *Basye* v. *Craft's Golden State Shows*, 43 Cal.App.2d 782 [111 P.2d 746] [hearing denied by the Supreme Court]; and *Szasz* v. *Joyland Co.*, 84 Cal.App. 259 [257 P. 871] [hearing denied by the Supreme Court], relied on by plaintiff, are not in point, for the reason that in each of the cases there was either an allegation (as in the cases decided on demurrer), or proof (as in the cases decided after trial) of facts putting the owner of the property on notice of negligent conduct which threatened the safety of a business visitor.

As pointed out above, in the present case there was an absence of any such evidence; therefore, the cited cases are not authority for plaintiff's position.

The judgment is reversed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

Plaintiff was a business invitee of defendant, the operator of a self-service gasoline station. Plaintiff left her automobile to check a large blackboard maintained by defendant to notify customers of the winning numbers of tickets previously distributed to them. The blackboard was located near the air hose. While checking the numbers, she was injured by a stream of gasoline which was produced by the negligent acts of another invitee, Mr. Paris, who was blowing out the gas line of his truck. Mr. Paris was repairing his truck on the station premises with the permission of defendant and had been doing so for several hours. He was permitted by defendant to use the facilities made available by defendant for motorists.

Plaintiff contended that defendant did not exercise reason-

able care in protecting her from the danger created by Mr. Paris in the use of said facilities, and that this negligence proximately caused her injuries. A jury rendered a verdict in favor of plaintiff, thus determining defendant's liability for the injury suffered by her.

There is no dispute as to the applicable rules of law. A landowner is under a duty of reasonable care to protect business invitees from harmful acts of third persons where he actually knows of a danger, or where, in the exercise of reasonable care, he should know a danger might exist. It is also conceded that there is no evidence that defendant had actual knowledge that Paris was engaging in negligent activities. Thus, the sole issue is whether there is any evidence from which a jury could infer that defendant, in the exercise of reasonable care, should have known that Mr. Paris might create an unreasonable risk of harm to other invitees by the negligent use of the available facilities. In other words, was there a fact question for the jury to determine?

An important factor in this case, which is entirely ignored by the majority of this court, is that Paris was using facilities provided by defendant when he inflicted the injury upon plaintiff and that he was using these facilities in a careless and negligent manner. In other words, it was the negligent use of defendant's facilities which was the proximate cause of the injury suffered by plaintiff. Of course, defendant knew that Paris was using its facilities, and it obviously owed a duty to plaintiff, and all others similarly situated, to see that such facilities were not so used as to cause them injury. If the injury had resulted from conduct by Paris without the negligent use of defendant's facilities, a different question would be presented, as such conduct would be beyond the control of defendant. Here it may be said that defendant knowingly permitted Paris to negligently use defendant's facilities and thus cause injury to plaintiff. There should be no question of liability in such a case, as it falls clearly within the rule stated in section 348 of the Restatement of Torts quoted in the majority opinion.

The evidence on this point was clearly and succinctly summarized by Mr. Presiding Justice Peters, who wrote the opinion when this case was before the District Court of Appeal, which affirmed the judgment. It is as follows: ". . . appellant [defendant] furnished a place for customers to work on their cars. Appellant knew, or should have known, that persons using the facilities furnished by it might include

amateurs, hot-rodders, and other do-it-yourselfers. It is certainly a reasonable possibility that such persons working on an instrumentality such as an automobile might create a dangerous situation. Yet appellant made no effort at all to discover what Paris was doing or how he might be doing it. He invited other customers to come to the area by maintaining the blackboard in the immediate vicinity of the area where Paris was working. No warning signs were posted to warn invitees of the possible danger. Appellant knew, or should have known, that Paris was working on his car for many hours. Appellant knew that the trouble was not battery trouble because appellant's employee had sold Paris a new battery and the employee knew that this did not start Paris' car. Certainly the attendant knew, or should have known, that Paris might be engaged in any one of several activities that could create a danger to those nearby. He knew, or should have known, that among these possibilities was that if the person working on his car believed the gasoline line was stopped up he might use the air pressure to blow it out. He knew, or should have known, that the gasoline tank was capped with a rag stuffed in the vent. Paris was working on his car where the air hose was located. The possibility that the air hose might be used for this purpose was not so unlikely that it was unforeseeable as a matter of law.'' (*Hunter* v. *Mohawk Petroleum Corp.* (Cal.App.), 332 P.2d 551.)

From this evidence the District Court of Appeal concluded that the jury could infer that defendant had notice of the possible danger to customers in the area of the blackboard. I wholeheartedly agree with this conclusion and can see no escape from the fact that the inferences to be drawn from this evidence were within the province of the jury. Therefore, the jury verdict cannot be disturbed by this court unless it again usurps the function of the jury and takes another excursion into the fact finding field.

For the foregoing reasons I would affirm the judgment.