[Civ. No. 18477.   First Dist., Div. Two.   Dec. 7, 1959.]

DOROTHY SHAW, Appellant, v. COLONIAL ROOM
(Fictitious Name) et al., Respondents.

Paul Friedman for Appellant.

Carroll, Davis, Burdick & McDonough for Respondents.

STONE, J. pro tem.*—Appellant, Dorothy Shaw, brought an action to recover damages for personal injuries received as the result of a fall in the restroom of the Colonial Room, a

*Assigned by Chairman of Judicial Council.

tavern owned and operated by the respondents. Appellant had been a patron of the bar for several years and on the night in question dropped in for a drink about 5:30 p. m. The accident occurred at approximately 8 p. m. and during the interim, appellant had consumed two vodka martinis and two vodka collins. She left her stool at the bar and walked to the ladies restroom, and upon entering observed water on the floor and a piece of wet toilet paper at about the position where she would have to stand. It being a public toilet, appellant elected not to sit on the seat, but to "squat," placing her weight upon her two feet. The toilet paper container was fastened on the left wall of the cubicle, and since appellant is right-handed, she reached across with her right hand to obtain some toilet paper. Upon doing so, she shifted the balance of her weight to her right foot, it slipped on the wet toilet paper, and she fell to the tile floor, breaking her leg.

The trial was had before a jury and respondents moved for a nonsuit and a directed verdict, both of which were denied by the court. The jury, however, was unable to agree and was discharged. Nine days thereafter, the trial court, on its own motion, directed a verdict in favor of the defendants, pursuant to section 630 of the Code of Civil Procedure, and entered judgment accordingly. The pertinent portion of section 630 of the Code of Civil Procedure reads as follows:

"When a motion for a directed verdict, which should have been granted, has been denied or for any reason not granted, and the jury for any reason, has been discharged without having rendered a verdict, then within 10 days after the discharge of the jury, the court on its own motion, or, after said 10-day period, upon motion, notice of which was given within said 10-day period, may order judgment to be entered in accordance with the motion for a directed verdict."

Appellant contends the court erred in granting the directed verdict, in that she adduced evidence substantial in character, which if believed by a jury would support a verdict in her favor. ■■■ The rule governing the granting of a directed verdict is summarized in *Estate of Lances,* 216 Cal. 397, at page 400 [14 P.2d 768], as follows:

"It has become the established law of this state that the power of the court to direct a verdict is absolutely the same as the power of the court to grant a nonsuit. A nonsuit or a directed verdict may be granted 'only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every

legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given.' '' (See also *McDonald* v. *Foster Memorial Hospital,* 170 Cal.App.2d 85, 89 [338 P.2d 607] ; *Carpenter* v. *Atchison, T. & S. F. Ry. Co.,* 109 Cal.App. 2d 18, 23 [240 P.2d 5].)

Appellant was a business invitee and, as such, the respondents owed her the duty of exercising ordinary care to keep the premises in a safe condition. (*Sapp* v. *W. T. Grant Co.,* 172 Cal.App.2d 89, 91 [341 P.2d 826] ; *Tuttle* v. *Crawford,* 8 Cal.2d 126, 130 [63 P.2d 1128].) How or when the water and wet toilet paper got on the floor is not disclosed by the record in this case. When it is shown that a dangerous condition on the premises caused an injury to an invitee, but it is not shown that the proprietor caused the condition, it then becomes a question of fact whether or not the proprietor of the business, as a reasonable man, exercised ordinary care to discover the dangerous condition. (*Hale* v. *Safeway Stores, Inc.,* 129 Cal.App.2d 124, 128 [276 P.2d 118] ; *Sapp* v. *W. T. Grant Co., supra.*) The respondents testified that a woman employee was instructed to occasionally look into the restroom and determine that it was in a clean condition and, if not so, to tidy the place up. However, the respondents introduced no evidence to show that the employee, or anyone else, actually checked the restroom at any time between 10 a. m. and 8 p. m. on the day of the accident. On the other hand, appellant testified she saw no person enter the women's restroom while she was there between 5 :30 and 8 p. m. Viewing the testimony in the light most favorable to the plaintiff, the jury could have determined that there was no inspection made between 5 :30 p. m. and 8 p. m. and that the failure to inspect constituted negligence. The court erred in disregarding the plaintiff's testimony and finding by its directed verdict that defendants were not guilty of negligence as a matter of law. It was held in *Louie* v. *Hagstrom's Food Stores,* 81 Cal.App.2d 601, 607 [184 P.2d 708], that: ''It is generally a question of fact for the jury as to whether, under all the circumstances, the defective condition existed long enough so that a reasonable man exercising reasonable care would have discovered it.''

Respondents argue that the directed verdict was proper because the plaintiff was guilty of contributory negligence as a matter of law, in that she testified she observed

the water and wet toilet paper on the floor when she entered the toilet room. Whether or not appellant's use of the toilet, knowing the condition of the floor, constituted negligence, is a question of fact. If appellant's need to relieve herself was so pressing that she was unable to delay long enough to notify the respondents of the condition and have them clean up the restroom for her, or whether she should have sought other facilities in another place, were questions for the jury. The court could not say as a matter of law that under the circumstances the appellant was negligent in using the facilities provided by respondents.

Another reason that appellant's use of the facilities with knowledge of the condition could not be said to consitute negligence as a matter of law, is that a jury might find the rule of "momentary forgetfulness" applicable. Appellant is right-handed and the toilet paper container furnished by respondents was fastened to the left wall. She testified that as she was standing in a squatting position with her weight balanced on her two feet, she habitually or automatically reached across for the toilet paper with her right hand. In doing so, she shifted her weight to the right foot, causing her to slip and fall. Whether this momentary forgetfulness was an habitual, automatic action absolving her from the charge of negligence, or whether it showed a want of ordinary care and constituted contributory negligence, was a question of fact for the jury. In *Powell* v. *Vracin*, 150 Cal.App.2d 454 at page 458 [310 P.2d 27], the court said: "Forgetfulness of a known danger will not operate to prevent a recovery, for to forget is not negligence unless it shows a want of ordinary care. And generally the question is for the trier of fact. (*Neel* v. *Mannings, Inc.*, 19 Cal.2d 647, 656 [122 P.2d 576]; *Austin* v. *Riverside Portland Cement Co.*, 44 Cal.2d 225, 237 [282 P.2d 69].)"

The judgment is reversed.

Dooling, Acting P. J., and Draper, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 3, 1960.