[Civ. No. 22467.   First Dist., Div. Three.   Dec. 7, 1965.]

ALICE SMITH, Plaintiff and Appellant, v. CITY OF SAN JOSE, Defendant and Respondent.

600

Robert Burns Bostwick, Jr., and Everett P. Rowe for Plaintiff and Appellant.

Ferdinand P. Palla, City Attorney, Hoge, Fenton, Jones & Appel and Charles H. Brock for Defendant and Respondent.

DEVINE, J.—Summary judgment was granted to respondent, defendant in an action for personal injuries. Appellant was run into from behind by a running seven-year-old girl while she was descending a backstage stairway in the San Jose Municipal Auditorium. The auditorium was owned by the city, but was being used by a light opera association for rehearsal of a play. The association paid no rent. (The association and the girl, Karen Kersey, were made defendants but are not parties to this appeal.) Appellant had brought her two children to the rehearsal, and was descending the stairs with them. She saw no one else on the stairway. About halfway down, the child ran into her.

## Condition of the Property

Appellant's first contention is that the property was negligently maintained. As to the condition of the property, exclusive of handrails, appellant admits in her deposition that the stairway was adequately lighted, that there was no unevenness of the surface, and that there was no slippery substance on the steps. Appellant argues that the statements made by plaintiff in her deposition could only be used at trial for impeachment; but this is not correct. ■ Admissions against interest may be incorporated by reference in a motion for summary judgment. (*Newport* v. *City of Los Angeles,* 184 Cal.App.2d 229, 235, 236 [7 Cal.Rptr. 597].)

But appellant contends that although the stairway was but 6 feet wide, and had a handrail on each side, to one of which she was holding, there should have been a third, a middle, handrail and that had there been, she would not have fallen. We reject this proposition. ■ To have a middle handrail on so narrow a stairway might actually be dangerous at a time when rapidity of exit were demanded; but, anyway, we hold that as a matter of law it is quite unnecessary to have such a rail on an ordinary staircase 6 feet wide in order to avoid a charge of negligence. (See *Darrach* v. *Trustees of San Francisco County Medical Assn.,* 121 Cal.App.2d 362, 365 [263 P.2d 469].)

## Supervision or Patrol

Appellant's second theory of recovery is that the city failed to supervise certain activities. In her complaint, she alleges that she was a business invitee of the city (first count) or a permittee (second count), and she specifies failure to supervise the activities of defendant Karen Kersey, as a proximate result of which she was caused to fall. The complaint does not refer to any common condition, or to failure to supervise children generally. Respondent's motion for summary judgment met this limited complaint with an affidavit of the city's manager of the auditorium, in which it is stated that the auditorium was in the exclusive control of the opera association, that no personnel of the city were provided for the purpose of controlling admittance or rejection of any persons entering the auditorium or for the purpose of ushering, directing or controlling persons who were admitted. This affidavit negated duty on the part of the city to supervise the activities of the particular child, Karen Kersey.

Thereupon, appellant filed an affidavit which states that the city knew that the stairway would be used by small children and by adults "who could be knocked over by children running down said stairway." This creates no triable issue.

It is unnecessary to decide whether the applicable law is that contained in Government Code sections 835-844, which were enacted in 1963, more than a year after plaintiff's accident (the act in which these sections are contained "applies retroactively to the full extent that it constitutionally can be so applied" (Stats. 1963, ch. 1681, § 45, subd. (a), p. 3288)); or whether appellant may rely, as she contends, on the former theory that the auditorium constituted a proprietary function of the city, as was held in *Chafor* v. *City of Long Beach,* 174 Cal. 478 [163 P. 670, Ann.Cas. 1918D 106, L.R.A. 1917E 685]. (The distinction between governmental and proprietary purposes was abolished by the 1963 act. (Van Alstyne, California Government Tort Liability (Cont. Ed. Bar) § 6.3, p. 195.)) It is unnecessary also to consider whether the position of the city is that of owner only, as distinguished from that of lessee or licensee (the relationship between the city and the association has not been given full explanation). ▮▮▮ In any case, in order to impose liability on the city, there must have been a failure to use reasonable care to have discovered that negligent acts of third persons were being done or were about to be done, and failure to use reasonable care to protect the public. (*Hunter* v. *Mohawk Petroleum Corp.,* 51 Cal.2d 439 [334 P.2d 193]; Rest.2d Torts, § 344; Rest.2d Torts, § 348.) ▮▮▮ The liability of the proprietor to protect against injury to an invitee from the act of another is based mainly on the fact that the landowner has notice of prior conduct from which he could reasonably anticipate that such injury might occur. (*Porter* v. *California Jockey Club, Inc.,* 134 Cal.App.2d 158, 160 [285 P.2d 60].) ▮▮▮ In the absence of conduct to put the proprietor on notice to the contrary, a person is entitled to assume that others will not act negligently or unlawfully. (*Hunter* v. *Mohawk Petroleum Corp., supra*; *Porter* v. *California Jockey Club, supra.*) In the *Porter* case, a woman at a racetrack had been struck by a running man, but judgment of nonsuit in favor of the operators was affirmed because, although bettors were in the habit of running, there was no evidence of prior negligent conduct by even one spectator.

▮▮▮ Even if vigilance should be increased where children are the potential offenders, some showing of the reasonable

need of diligence to acquire knowledge of the peril which subsequently results in injury is required. In *Schwerin* v. *H. C. Capwell Co.*, 140 Cal.App. 1 [34 P.2d 1050], judgment of nonsuit was affirmed when a woman customer of a store was struck while on an escalator by two small boys who were ascending against the downward movement. This was done even if the store's duty were deemed that of a common carrier, where it appeared from plaintiff's evidence that such an accident had not been known to have occurred before.

In the case before us, we are informed only that "the City of San Jose knew" that the stairway would be used by small children and by adults and that the adults "could be knocked over by children running down said stairway." To say that such an accident *could* happen is to state a mere possibility which is common to a multitude of situations. Eventuality alone does not create duty. There is no statement of boisterous conduct, of excitement, of prior occurrences of children running on the stairs, or of other conduct which, if existent, discovery procedure might have shown. (See *Buffalo Arms, Inc.* v. *Remler Co.*, 179 Cal.App.2d 700, 703 [4 Cal. Rptr. 103].) The act may have been the single instance of an impulsive or careless child. To impose a duty of supervision of stairways merely because of the presence of children, without more, would place an unreasonable burden on proprietors.

Finally, in the matter of summary judgment, we are reminded that the procedure is drastic. But it is also a useful procedure. It seeks to discover, through the medium of affidavits, whether the parties possess evidence which demands the analysis of trial. (*Burke* v. *Hibernia Bank*, 186 Cal.App. 2d 739, 744 [9 Cal.Rptr. 890].) The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. (Code Civ. Proc., § 437c.)

Appellant's affidavit fails to state that she can testify to the facts contained in it, and is lacking in substance because it contains no statement of evidence set forth with particularity which would show liability on the part of respondent. Appellant could not rely merely on her pleading even if it were verified (which it is not). (2 Witkin, Cal. Procedure (1954) § 78, p. 1715.) Nor is appellant's affidavit, in content suppositious or at best conclusionary and devoid

of evidentiary particularity, sufficient. (*Nini* v. *Culberg,* 183 Cal.App.2d 657 [7 Cal.Rptr. 146].)

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.