993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara FREEMAN, Plaintiff-Appellant,
v.
CITY OF MODESTO, et al., Defendant-Appellee.
 No. 92-15125.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1993.
Decided May 7, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barbara Freeman appeals the district court's partial directed verdict for the officers on the claim of negligence. We affirm.
 
 
 3
 We review the district court's grant of the directed verdict de novo. In Re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992). A directed verdict should not be granted unless the evidence, considered in the light most favorable to the non-moving party, " 'permits only one conclusion as to the verdict.' " Flores v. Pierce, 617 F.2d 1386, 1389 (9th Cir.) (quoting Kay v. Cessna Aircraft Co., 548 F.2d 1370, 1372 (9th Cir.1977)), cert. denied, 449 U.S. 875 (1980).
 
 
 4
 Freeman's argument that the district court erred in granting a directed verdict on the claim of negligence is unfounded. To establish a claim of negligence under California law the plaintiff must prove the existence of three elements: "(1) The existence of a duty on the part of defendant to protect plaintiff from the injuries complained of; (2) the failure of defendant to perform that duty; and (3) an injury to the plaintiff from such breach of duty by the defendant." Johnstone v. Panama-Pacific Int'l Exposition Co., 187 Cal. 323 (1921).
 
 
 5
 Freeman failed to allege these elements in her complaint or prove them at trial. The complaint merely stated in a cursory fashion that at the same time the defendants used excessive force upon Freeman, "they committed battery upon her and were guilty of negligence under California law." As reflected in the transcript, Freeman again failed to adequately articulate her negligence theory when the district court considered defendants' Motion for Directed Verdict:
 
 
 6
 THE COURT: Tell me what constitutes negligence in this case.
 
 
 7
 MR. WESLEY [Counsel for Freeman]: Well, the unnecessary, unreasonable use of force, violence of the Fourth Amendment would also be negligence. That is a creation of unreasonable risk of harm to her, and I am talking about the same conduct by the officers. But I'm also talking about the fact that the sergeant in charge stands by and allows his officers to engage in that force, no tin response to any resistance at all, according to our witnesses.
 
 
 8
 THE COURT: Well, wasn't the officers' conduct intentional? I mean, I could understand--
 
 
 9
 MR. WESLEY: It was intentional, but our position is that the definition of negligence is not carelessness, it isn't inconsistent with intentional conduct. It's the creation of unreasonable risk of harm and that's why we asserted that theory as well.
 
 
 10
 Therefore, the district court was correct in granting directed verdict for the defendants on the negligence claim.
 
 
 11
 Freeman's contention that granting directed verdict on the negligence claim is inconsistent with the decision to allow the § 1983 excessive force claim to go to the jury is also without merit. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). The first inquiry in a § 1983 suit, unlike a negligence suit, is "whether the plaintiff has been deprived of a right secured by the Constitution and laws." Id. at 140 (internal quotation marks and citations omitted).
 
 
 12
 In this case, Freeman failed to establish that the defendants owed her a duty or that they breached that duty.[1] Showing the existence of a legal duty, however, is not an element of a claim brought under § 1983. Therefore, it was not inconsistent for the district court to grant a directed verdict in favor of the defendants on the negligence claim while allowing the § 1983 claim to go to the jury.
 
 
 13
 Finally, even assuming that the district court erred in granting the partial directed verdict, the error is harmless. Where the error is not of constitutional magnitude, the verdict will stand if the prejudice resulting from the error is more probably than not harmless. See United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991).
 
 
 14
 The jury found by special verdict that the officers did not use excessive force in arresting Freeman. Because the jury found that the defendants acted reasonably[2] for the purposes of the § 1983 claim, it is more probable than not that the jury would also have found that the defendants acted reasonably for purposes of the negligence claim. See George v. City of Long Beach, 973 F.2d 706, 709 (9th Cir.1992) (dismissal of plaintiff's claim was harmless where it simply constituted "another theory of action concerning the conduct the jury has already determined was not the proximate cause of [plaintiff's] injuries"), cert. denied, 113 S.Ct. 1269 (1993).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In fact, it appears to be Freeman who breached her duty to the officers. Cal.Penal Code § 834(a) provides that "[i]f a person has knowledge ... that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest."
 
 
 [2]
 Both the parties and the court appear to equate "non-excessive" force with "reasonable" force